Robert S. Green (State Bar No. 136183)
**GREEN WELLING LLP**
595 Market Street, Suite 2750
San Francisco, CA 94105
Telephone: (415) 477-6700
Facsimile: (415) 477 6710
Email: cand.uscourts@classcounsel.com

*Liaison Counsel for Lead Plaintiff and Class*

Andrew L. Zivitz (*Admitted pro hac vice*)
Christopher L. Nelson
Michelle Newcomer (*Admitted pro hac vice*)
**BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Lead Counsel for Lead Plaintiff and Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re LEADIS TECHNOLOGY, INC. SECURITIES LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>    All Actions. | Master File No. C-05-0882-CRB<br><br>[~~PROPOSED~~] **ORDER PRELIMINARILY APPROVING SETTLEMENT** |

WHEREAS, on December 10, 2008, plaintiffs Ngoan Van Le, Richard Beedenbender and Scott Strouse (collectively, the "Le Group" or "Lead Plaintiff") and additional plaintiff Kenneth P. Wachsman (together, the "Plaintiffs"), on behalf of the Class (as herein defined), and defendants Leadis Technology, Inc. ("Leadis" or the "Company"), Sung Tae "Steve" Ahn, Victor Lee, Keunmyung "Ken" Lee, Lip-Bu Tan, Kenneth Goldman, James Plummer, and Arati Prabhaker (the "Individual Defendants"), and Goldman, Sachs & Co., Merrill Lynch, Pierce, Fenner & Smith, Thomas Weisel Partners LLC, and Needham & Company, LLC (the "Underwriter Defendants") (collectively, the "Defendants," and together with Plaintiffs, the "Parties") in the above-captioned class action (the "Action"), by and through their respective counsel, entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Consolidated Class Action Complaint dated August 8, 2005 (the "Complaint") on the merits and dismissal with prejudice as against Defendants; and

WHEREAS, upon consent of the Parties, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED that:

1. The Court, for purposes of this Order Preliminarily Approving Settlement (the "Order"), adopts all defined terms as set forth in the Stipulation.

2. The Court hereby certifies, for purposes of effectuating this Settlement, a class pursuant to FED. R. CIV. P. 23 consisting of all persons and entities who purchased shares of Leadis common stock pursuant to, or traceable to, the Company's Initial Public Offering ("IPO") and who were damaged thereby (the "Class"). Shares of Leadis common stock purchased "pursuant to, or traceable to, the Company's IPO" refers to (for purposes of this Settlement only) any share of Leadis common stock initially purchased at the IPO offering price on the date the registration statement was declared effective, or any share of Leadis common stock purchased on the open market between June 16, 2004 and March 2, 2005 inclusive. Excluded from this definition are any "purchases," made on or about the date that the Company's IPO registration

statement was declared effective, in which Leadis preferred stock was converted to common stock (but, no open-market purchases on or before March 2, 2005 are excluded). Excluded from the Class are: Defendants; members of the families of each of the Individual Defendants; any partner, officer, executive or director of any Defendant; any affiliated entity in which any such excluded person has or had a controlling interest; and the legal representatives, heirs, successors and assigns of any such excluded person or entity. Also excluded from the Class are all persons and entities who exclude themselves from the Settlement by timely requesting exclusion in accordance with the requirements set forth in the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Expenses and Fairness Hearing (the "Notice").

3. Pursuant to FED. R. CIV. P. 23 and for purposes of settlement only, Plaintiffs Ngoan Van Le, Richard Beedenbender, Scott Strouse, and Kenneth P. Wachsman are appointed as Class Representatives.

4. For purposes of a settlement Class only, this Court expressly finds and concludes that the requirements of FED. R. CIV. P. 23(a) and 23(b)(3) are satisfied as: the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; there are questions of law and fact common to the Class which predominate over any individual questions; the claims of Plaintiffs are typical of the claims of the Class; Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Class Members; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: the interests of the members of the Class in individually controlling the prosecution of the separate actions, the extent and nature of any litigation concerning the controversy already commenced by members of the Class, the desirability or undesirability of continuing the litigation of these claims in this particular forum, and the difficulties likely to be encountered in the management of the class action.

5. Lead Counsel is authorized to act on behalf of the Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

6. The Court preliminarily approves: (i) the Settlement of the Action as set forth in the Stipulation, and (ii) the proposed Plan of Allocation described in the Notice, subject to the right of any Class Member to challenge the fairness, reasonableness, and adequacy of the Stipulation or the proposed Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing the Action based on the Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

7. Lead Counsel is hereby authorized to retain Strategic Claims Solutions as the Claims Administrator in connection with the Settlement to supervise and administer the notice and claims procedures. The Parties and their counsel shall not be liable for any act or omission of the Claims Administrator.

8. The Escrow Agent is authorized and directed to prepare any tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court.

9. Pursuant to FED. R. CIV. P. 23(e), a hearing (the "Fairness Hearing") shall be held on June 19, 2009, at 10:00 a.m., in the United States District Court for the Northern District of California, the Honorable Charles R. Breyer presiding, for the following purposes:

    a. to determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Class;

    b. to determine whether the Plan of Allocation for the proceeds of the Settlement should be approved by the Court as fair and reasonable;

    c. to determine whether the Class should be finally certified;

    d. to determine whether the Order and Final Judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Action against the Defendants with prejudice and extinguishing and releasing all Settled Claims (as defined in the Stipulation);

    e. to rule on Lead Counsel's application for an award of attorneys' fees and the reimbursement of litigation expenses; and

1  　　　　　f.　　　to rule on such other matters as the Court may deem appropriate.

2  　　　10.　　The Court reserves the right to adjourn the Fairness Hearing or any adjournment thereof, including the consideration of the application for attorneys' fees and reimbursement of expenses, without further notice of any kind to Class Members.

　　　11.　　The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such modification as may be consented to by the Parties to the Stipulation and without further notice to the Class.

　　　12.　　The Claims Administrator shall make reasonable efforts to identify all Persons who are members of the Class, including beneficial owners whose Leadis common stock are held by banks, brokerage firms, or other nominees.  Defendant Leadis shall provide to the Claims Administrator, within fifteen (15) calendar days following the entry of this Order, upon request of the Claims Administrator, and without any charge to Plaintiffs or the Class, a copy of Leadis' shareholder lists, as it or its transfer agent may possess and in a format designated by the Claims Administrator as appropriate for mailing notice to the Class.

　　　13.　　Within thirty (30) calendar days after the entry of this Order, the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release form ("Proof of Claim"), substantially in the form of Exhibits A(1) and A(2) attached hereto, to be mailed by first class mail, postage pre-paid, to all identifiable members of the Class, at their last known address appearing in the transfer records maintained by or on behalf of the Company (the "Notice Date").

　　　14.　　Pursuant to the Notice, each nominee shall either: (i) send the Notice and Proof of Claim to Class Members for which they act as nominee by first class mail within thirty (30) calendar days after the nominee receives the Notice; or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator within fifteen (15) calendar days after the nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by first class mail the Notice and Proof of Claim to all Class Members who are on the list received from the nominee.  The Claims Administrator shall, if requested, reimburse banks, brokerage houses, or other nominees for their reasonable out-of-pocket expenses incurred in providing

notice to beneficial owners who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation. Lead Counsel shall file with the Court and serve upon Defendants' Counsel no later than seven (7) calendar days prior to the Fairness Hearing an affidavit or declaration describing the efforts taken to comply with this Order and stating that the mailings have been completed in accordance with the terms of this Order.

15. Within ten (10) calendar days after the Notice Date, Lead Counsel shall publish the Summary Notice, substantially in the form of Exhibit A(3) to the Stipulation, once in *Investor's Business Daily* and once over the *PR Newswire*. Lead Counsel shall file with the Court and serve upon Defendants' Counsel no later than seven (7) calendar days prior to the Fairness Hearing an affidavit or declaration stating that the Summary Notice has been published in accordance with the terms of this Order.

16. The form and content of the Notice, the Proof of Claim, and the Summary Notice, attached to the Stipulation as Exhibits A(1), A(2), and A(3), respectively, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. §78u-4(a)(7), including by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

17. Any member of the Class who wishes to object to the Settlement must, no later than __May__ 29, 2009 [at least twenty (20) calendar days prior to the Fairness Hearing], file with the Court and serve on counsel (listed below) a written statement of objection to the Settlement, the Plan of Allocation, and/or the application for attorneys' fees and reimbursement of expenses. Any member of the Class who objects to the Settlement, the Plan of Allocation, and/or the application for attorneys' fees and reimbursement of expenses, or who otherwise wishes to be heard, may appear in person, or by his, her, or its attorney and at his, her, or its own expense, at the Fairness Hearing and present evidence or argument that may be proper or

1  relevant; *provided, however*, that no Person other than the Parties and their counsel shall be heard,
2  and no papers, briefs, pleadings, or other documents submitted by any Person shall be considered
3  by the Court unless, no later than __May__ 29, 2009 [at least twenty (20) calendar days prior to
4  the Fairness Hearing], such Person files with the Court and serves upon counsel listed below: (1)
5  a written notice of intention to appear containing the Person's name, address, telephone number,
6  and signature, (2) a statement of such Person's objections to any matters before the Court
7  concerning this Settlement; (3) the grounds or the reasons that such Person desires to appear and
8  be heard, as well as all documents or writings such Person desires the Court to consider; (4)
9  whether that Person intends to present any witnesses; and (5) proof of the Person's membership in
10 the Class, which proof shall include the Person's purchases of shares of Leadis common stock
11 made pursuant to, or traceable to, the Company's IPO and sales thereof, including the dates, the
12 number of shares, and price paid and received per share for each such purchase and sale, and
13 whether such Person continues to hold such Leadis common stock at the time the statement of
14 objection is served. Such filings shall be served upon the Court and the following counsel:

*Lead Counsel for Plaintiffs and the Class:*

Andrew L. Zivitz, Esq.
Christopher L. Nelson, Esq.
Michelle Newcomer, Esq.
**BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**
280 King of Prussia Rd.
Radnor, PA  19087

*Counsel for Defendants Leadis Technology, Inc.,
Sung Tae "Steve" Ahn, Victor Lee,
Keunmyung "Ken" Lee,
Lip-Bu Tan, Kenneth Goldman,
James Plummer, and Arati Prabhakar:*

William Grauer, Esq.
**COOLEY GODWARD KRONISH LLP**
4401 Eastgate Mall
San Diego, CA  92121

*Counsel for Defendants Goldman, Sachs & Co.,
Merrill Lynch, Pierce, Fenner & Smith,
Thomas Weisel Partners LLC, and
Needham & Company, LLC:*

Jonathan C. Dickey, Esq.
Kevin S. Rosen, Esq.
Michael B. Smith, Esq.
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA 94304

18. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked or received by the Claims Administrator no later than __May__ 29, 2009 [at least twenty (20) calendar days prior to the date of the Fairness Hearing]. A Request for Exclusion must be signed by the Person requesting exclusion and: (1) state the name, address, and telephone number of the Person requesting exclusion; (2) identify the Person's purchases of shares of Leadis common stock made pursuant to, or traceable to, the Company's IPO and any sales thereof, including the dates, the number of shares, and price paid and received per share for each such purchase and sale; and (3) state that the Person wishes to be excluded from the Class. Copies of all Requests for Exclusion, including supporting documentation submitted therewith, that are received by the Claims Administrator shall be delivered to Lead Counsel and Defendants' Counsel within two (2) business days of receipt thereof. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and in the Notice shall have no rights under the Stipulation and shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or by the Order and Final Judgment.

19. Any Class Member who wishes to participate in the Net Settlement Fund must submit a valid Proof of Claim to the Claims Administrator, at the address indicated in the Notice, postmarked no later than __July 10__, 2009 [one hundred and twenty (120) calendar days following the Notice Date]. Such deadline may be further extended by Court order. Proofs of Claim shall be deemed to have been submitted when postmarked, if mailed by first class, registered, or certified mail, with postage prepaid and addressed in accordance with the instructions given in the Proof of Claim. All other Proofs of Claim shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Proof

of Claim must: (i) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (ii) include the release by the claimant of all Released Parties as set forth in the Stipulation; and (iii) be signed with an affirmation that the information is true and correct.  As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to the effectuation of the Settlement reflected in the Stipulation) agree and enter into the release as provided in the Stipulation.  All Class Members who do not submit valid and timely Proofs of Claim shall be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered, whether favorable or unfavorable and whether or not they submit a Proof of Claim, and will be barred from bringing any action against any Released Party (as defined in the Stipulation) concerning or relating to the Settled Claims, unless such Persons request exclusion from the Class in a timely and proper manner, as provided herein.

20. If this Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court, is terminated, or does not become Final for any reason whatsoever, then the Settlement (including any modification thereof, and any class certification order in connection therewith) made with the consent of the Parties as provided for in the Stipulation, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except as set forth in the Stipulation.

21. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.  Pending final determination whether the Settlement should be approved, Plaintiffs and all members of the Class are barred and enjoined from commencing, prosecuting, continuing, or asserting any action or any claims against the Released Parties that are or relate in any way to the Settled Claims as defined in the Stipulation.

22. The Stipulation, whether or not consummated, and any negotiations, statements, or proceedings taken pursuant to it:

1    (a) shall not be offered or received against any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any Released Party with respect to the truth of any fact alleged by any of the Plaintiffs or Class Members or the validity of any claim that has been or could have been asserted in the Action or in any other action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other action, or of any liability, negligence, fault, or wrongdoing of any Released Party;

(b) shall not be offered or received against any Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Party;

(c) shall not be offered or received against any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Parties may refer to it to effectuate the releases granted them hereunder;

(d) shall not be construed against any Released Party as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) shall not be construed as or received in evidence as an admission, concession, or presumption against the Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by Defendants are with or without merit, or that damages recoverable under the Action would or would not have exceeded the Settlement Amount.

23. Any party making submissions to the Court in support of approval of the Settlement or the Plan of Allocation, or in support of Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses, shall do so by seven (7) calendar days before the date scheduled for the Fairness Hearing.

1  24. The Court authorizes payment out of the Settlement Fund of notice and administration expenses in accordance with the Stipulation.

25. The Court further retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement reflected in the Stipulation, including enforcement of the release provided for in the Stipulation.

26. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms of the Stipulation is approved. No Person that is not a Class Member shall have any right to any portion of, or in the distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

27. The Court may, for good cause, extend any of the deadlines set forth in this order without further notice to Class Members.

SIGNED this  4th  day of  February , 2009.

_____
**THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT**



[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT

10