1  Robert S. Green (State Bar No. 136183)
   **GREEN WELLING LLP**
2  595 Market Street, Suite 2750
   San Francisco, CA 94105
3  Telephone: (415) 477-6700
   Facsimile: (415) 477 6710
4  Email: cand.uscourts@classcounsel.com

5  *Liaison Counsel for Lead Plaintiff and Class*

6  Andrew L. Zivitz (*Admitted pro hac vice*)
   Christopher L. Nelson
7  Michelle Newcomer (*Admitted pro hac vice*)
   **BARROWAY TOPAZ KESSLER**
8  **MELTZER & CHECK, LLP**
   280 King of Prussia Road
9  Radnor, PA 19087
   Telephone: (610) 667-7706
10 Facsimile: (610) 667-7056

11 *Lead Counsel for Lead Plaintiff and Class*

12

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15

16 | In re LEADIS TECHNOLOGY, INC.   | Master File No. C-05-0882-CRB
   | SECURITIES LITIGATION           |
17 |                                 |
   |                                 | [PROPOSED] ORDER AND
18 |                                 | FINAL JUDGMENT
   | This Document Relates To:       |
19 |                                 |
   |    All Actions.                 |
20 |                                 |

21

22

23

24

25

26

27

28

WHEREAS, a consolidated class action is pending in this Court against Defendants, captioned *In re Leadis Technology, Inc. Securities Litigation*, Master File No. C-05-0882-CRB (the "Action"); and

WHEREAS, this matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement dated February 4, 2009 (the "Preliminary Approval Order"), on the application of the parties for approval of the Settlement as set forth in the Stipulation and Agreement of Settlement dated December 10, 2008 (the "Stipulation") entered into by plaintiffs Ngoan Van Le, Richard Beedenbender, and Scott Strouse (collectively, the "Le Group" or "Lead Plaintiff") and additional plaintiff Kenneth P. Wachsman (together, the "Plaintiffs"), on behalf of themselves and the Class (as defined herein), and defendants Leadis Technology, Inc. ("Leadis" or the "Company"), Sung Tae "Steve" Ahn, Victor Lee, Keunmyung "Ken" Lee, Lip-Bu Tan, Kenneth Goldman, James Plummer, and Arati Prabhaker (the "Individual Defendants"), and Goldman, Sachs & Co., Merrill Lynch, Pierce, Fenner & Smith, Thomas Weisel Partners LLC, and Needham & Company, LLC (the "Underwriter Defendants") (collectively, the "Defendants" and together with Plaintiffs, the "Parties"), by and through their respective counsel; and

WHEREAS, due and adequate notice having been given to the Class, which was preliminarily certified by the Court for settlement purposes, as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Order and Final Judgment (the "Judgment") incorporates by reference the definitions in the Stipulation and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Class.

3. The Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Expenses and Fairness Hearing ("Notice") has been given to the Class (as defined hereinafter), pursuant to and in the manner directed by the Preliminary Approval Order,

[PROPOSED] ORDER AND FINAL JUDGMENT

proof of the mailing of the Notice and publication of the Summary Notice was filed with the Court by Lead Counsel, and full opportunity to be heard has been offered to all Parties, the Class, and persons and entities in interest. The form and manner of the Notice and Summary Notice are hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of FED. R. CIV. P. 23, and it is further determined that all members of the Class are bound by the Judgment herein.

4. Each of the provisions of FED. R. CIV. P. 23 has been satisfied and the Action has been properly maintained according to the provisions of Rules 23(a) and 23(b)(3). Specifically, this Court finds, for purposes of the Settlement only, that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Plaintiffs are typical of the claims of the Class; (d) Plaintiffs and their counsel have fairly and adequately protected the interests of the Class; (e) the questions of law and fact common to members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Action is hereby certified as a class action for purposes of settlement only pursuant to FED. R. CIV. P. 23(a) and 23(b)(3), on behalf of a class composed of all persons and entities who purchased shares of Leadis common stock pursuant to, or traceable to, the Company's IPO and who were damaged thereby (the "Class"). Shares of Leadis common stock purchased "pursuant to, or traceable to, the Company's IPO" refers to (for purposes of this Settlement only) any share of Leadis common stock initially purchased at the IPO offering price on the date the registration statement was declared effective, or any share of Leadis common stock purchased on the open market between June 16, 2004 and March 2, 2005 inclusive. Excluded from this definition are any "purchases," made on or about the date that the Company's IPO registration statement was declared effective, in which Leadis preferred stock was converted to common stock (but, no open-market purchases on or before March 2, 2005 are excluded). Excluded from the Class are: Defendants; members of the families of each of the Individual Defendants; any partner, officer, executive or director of any Defendant; any affiliated entity in

which any such excluded person has or had a controlling interest; and the legal representatives, heirs, successors and assigns of any such excluded person or entity. Also excluded from the Class are all persons and entities who exclude themselves from the Settlement by timely requesting exclusion in accordance with the requirements set forth in the Notice, as listed on Exhibit 1 annexed hereto.

6. The Settlement, and all transactions preparatory or incident thereto, is found to be fair, reasonable, adequate, and in the best interests of the Class, and it is hereby approved. The Parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions; and the Clerk of this Court is directed to enter and docket this Judgment in the Action.

7. The Action and all claims included therein, as well as all of the Settled Claims (defined in the Stipulation and in Paragraph 8(b) below) are dismissed with prejudice as to the Plaintiffs and the other members of the Class, and as against each and all of the Released Parties (defined in the Stipulation and in Paragraph 8(a) below). The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8. As used in this Judgment, the terms "Released Parties," "Settled Claims," "Settled Defendants' Claims," and "Unknown Claims" shall have the meanings as provided in the Stipulation, and specified below:

(a) "Released Parties" means Defendants, their parents, subsidiaries, controlling persons, affiliates, and acquirers, and their respective current and former officers, directors, partners, members, employees, agents, attorneys, advisors, auditors, underwriters, insurers, reinsurers, representatives, heirs, predecessors, successors in interest, and assigns.

(b) "Settled Claims" means any and all claims, debts, demands, suits, dues, sums of money, accounts, bonds, bills, covenants, contracts, controversies, agreements, promises, judgments, variances, executions, obligations, damages, losses, fees, costs, rights or causes of action, or liabilities of any kind, nature, or description whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, whether suspected or unsuspected, fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, matured or

1   un-matured, class or individual in nature, or asserted or not asserted (or threatened, alleged, or
2   litigated) at law, in equity, or otherwise, including without limitation, claims for contribution,
3   indemnification, costs, expenses (including, without limitation, amounts paid in settlement),
4   attorneys' fees, negligence, gross negligence, breach of care, breach of duty of loyalty,
5   misrepresentation, fraud, breach of fiduciary duty, including both known claims and Unknown
6   Claims (as defined herein), (i) that have been asserted in this Action by Plaintiffs and/or the
7   members of the Class or any of them against any of the Released Parties, or (ii) that could have
8   been asserted (whether directly, indirectly, representatively, derivatively, or in any other capacity)
9   in any forum by Plaintiffs and/or the members of the Class or any of them, including claims
10  relating to the purchase, sale, or other acquisition, disposition or holding of Leadis shares
11  pursuant to, or traceable to, the IPO (meaning, for purposes of this Settlement only, any share of
12  Leadis common stock initially purchased at the IPO offering price on the date the registration
13  statement was declared effective, or any share of Leadis common stock purchased on the open
14  market between June 16, 2004 and March 2, 2005 inclusive), against any of the Released Parties,
15  which arise out of or are based upon (directly or indirectly) the allegations, transactions, facts,
16  circumstances, events, acts, failures to act, disclosures, statements, matters, occurrences,
17  representations, or omissions (of any kind or nature whatsoever) involved, set forth, or referred to
18  in the Consolidated Class Action Complaint.  Settled Claims shall also include any claims, debts,
19  demands, controversies, obligations, losses, rights, or causes of action that Plaintiffs, Class
20  Members, or any of them may have against the Released Parties or any of them which involve or
21  relate in any way to the defense of the Action or the Settlement of the Action.  Notwithstanding
22  the foregoing, or any other provision contained in this Stipulation, Settled Claims shall not
23  include any claims to enforce the Settlement, including without limitation, any claims to enforce
24  the terms of this Stipulation, of orders, or of judgments issued by the Court in connection with the
25  Settlement.
26          (c)     "Settled Defendants' Claims" means any and all claims, rights or causes of
27  action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or
28  any other law, rule or regulation, including both known claims and Unknown Claims (as defined

1  herein), that have been or could have been asserted in the Action or any forum by the Defendants
2  or any of them or the successors and assigns of any of them against the Plaintiffs, any Class
3  Member or their attorneys, which arise out of or relate in any way to the institution, prosecution,
4  or settlement of the Action. Notwithstanding the foregoing, or any other provision contained in
5  this Stipulation, Settled Defendants' Claims shall not include any claims to enforce the
6  Settlement, including, without limitation, any of the terms of this Stipulation, of orders, or of
7  judgments issued by the Court in connection with the Settlement.

8          (d)    "Unknown Claims" means any and all Settled Claims that Plaintiffs and/or
9  Class Members do not know or suspect to exist in his, her, or its favor as of the Effective Date
10 and any Settled Defendants' Claims that any Defendant does not know or suspect to exist in his or
11 its favor as of the Effective Date, which if known by him or it might have affected his or its
12 decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled
13 Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiffs and
14 Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and
15 by operation of the Judgment shall have expressly waived, any and all provisions, rights, and
16 benefits conferred by any law of any state of the United States, or principle of common law or
17 otherwise, which is similar, comparable, or equivalent to California Civil Code § 1542, which
18 provides:

19 **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER**
20 **FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS**
21 **OR HER SETTLEMENT WITH THE DEBTOR.**

22 Plaintiffs and Defendants acknowledge, and Class Members by operation of law shall be deemed
23 to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled
24 Claims and Settled Defendants' Claims was separately bargained for and was a key element of
25 the Settlement.

26         9.    Upon the Effective Date of this Settlement, Plaintiffs and members of the Class on
27 behalf of themselves and each of their heirs, executors, administrators, successors and assigns,
28 and any Persons they represent, shall, with respect to each and every Settled Claim, shall be

1  deemed to have released and forever discharged, and shall forever be enjoined from prosecuting, any Settled Claims against any of the Released Parties whether or not any Plaintiff or member of the Class executes and delivers a Proof of Claim. Further, the Judgment will provide that, upon the Effective Date, Plaintiffs and Class Members on behalf of themselves and each of their heirs, executors, administrators, successors and assigns, and any Person they represent, shall be deemed to have covenanted not to sue on, and shall forever be barred from suing on, instituting, prosecuting, continuing, maintaining, or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Settled Claim against any of the Released Parties.

10. Upon the Effective Date of this Settlement, each of the Defendants, on behalf of themselves and their successors and assigns, shall be deemed to have released and forever discharged each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims. Further, the Judgment will provide that, upon the Effective Date, Defendants, on behalf of themselves and their successors and assigns, shall be deemed to have covenanted not to sue on, and shall forever be barred from suing on, instituting, prosecuting, continuing, maintaining, or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Settled Defendants' Claim against Plaintiffs, Class Members, and their respective counsel, or any of them.

11. The Stipulation and any proceedings taken pursuant to it:

(a) shall not be offered or received against any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any Released Party with respect to the truth of any fact alleged by any of the Plaintiffs or Class Members or the validity of any claim that has been or could have been asserted in the Action or in any other action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other action, or of any liability, negligence, fault, or wrongdoing of any Released Party;

(b) shall not be offered or received against any Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party;

(c) shall not be offered or received against any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Parties may refer to it to effectuate the releases granted them hereunder, and may file the Stipulations and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d) shall not be construed against any Released Party as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) shall not be construed as or received in evidence as an admission, concession, or presumption against the Plaintiffs or any of the Class Members that any of their claims are with or without merit, or that any defenses asserted by Defendants are with or without merit, or that damages recoverable under the Action would or would not have exceeded the Settlement Amount.

12. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Settlement in accordance with the terms and provisions of the Stipulation.

13. The Court finds that all Parties and their counsel have complied with each requirement of the PSLRA and Rules 11 and 37 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. Only those Class Members filing valid Proof of Claim and Release forms ("Proofs of Claim") shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund. The Proof of Claim to be executed by the Class Members shall further release all Settled Claims against the Released Parties. All Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

15. No Authorized Claimant shall have any claim against Lead Counsel, the Claims Administrator, or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court. No Authorized Claimant shall have any claim against the Defendants, Defendants' Counsel, or any of the Released Parties with respect to the investment or distribution of the Net Settlement Fund, the determination, administration, calculation or payment of claims, the administration of the Escrow Account, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Class Members.

16. Any order approving or modifying the Plan of Allocation set forth in the Notice, or the application for attorneys' fees and expenses shall not disturb or affect the finality of this Judgment, the Stipulation or the Settlement contained therein.

17. Lead Counsel is hereby awarded a total of $ 46,648.32 in expenses, with interest from the date the Settlement Amount was funded to the date of payment at the same rate that interest is earned by the Settlement Fund. Lead Counsel is hereby awarded attorneys' fees in the amount of 25 % of the Settlement Fund net of expenses, with interest from the date the Settlement Amount was funded to the date of payment at the same rate that interest is earned by the Settlement Fund, which sum the Court finds to be fair and reasonable. The foregoing awards of fees and expenses shall be paid to Lead Counsel from the Settlement Fund, and such payment shall be made at the time and in the manner provided in the Stipulation. The award of attorneys' fees and expenses shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

18. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $4,200,000 in cash that is already on deposit, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement;

(b) 9,984 copies of the Notice were disseminated to putative Class Members indicating that Lead Counsel was moving for attorneys' fees not to exceed 25% of the Settlement Fund and reimbursement of expenses from the Settlement Fund in a total amount not to exceed $75,000, and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses contained in the Notice;

(c) Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The Action involves complex factual and legal issues and was actively prosecuted for over three years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Lead Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the Class may have recovered less or nothing at all from the Defendants;

(f) Lead Counsel and Liaison Counsel have devoted over 1,730 hours, with a lodestar value of $811,103.50, to achieve the Settlement; and

(g) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

19. Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Plaintiffs, the Class, and the Released Parties for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation, and this Judgment; (2) hearing and determining any application by Lead Counsel for an award of attorneys' fees and expenses if such

determination is not made at the final hearing; and (3) supervising the distribution of the Net Settlement Fund.

20. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

21. There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED, this 19th day of June, 2009

THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

## EXHIBIT 1

The following individuals and/or entities have requested to be excluded from the Class in the matter *In re Leadis Technology, Inc. Securities Litigation*, Master File No. C-05-0882-CRB, and are hereby excluded:

1. **Jon Kayyem (IFIN, LP)**, submitted by Trust Company of the West as Custodian for IFIN, LP.

Exhibit C

## TRUST COMPANY OF THE WEST

865 SOUTH FIGUEROA STREET, LOS ANGELES, CALIFORNIA 90017

TEL: 213 244 0174   FAX: 213 244 0483   E-MAIL: margaret.jones@tcw.com

MARGARET A. JONES
ASSISTANT VICE PRESIDENT



April 23, 2009

*In re Leadis Technology, Inc. Securities Litigation*
c/o Strategic Claims Services
Claims Administrator
P.O. Box 230
600 North Jackson Street, Suite 3
Media, PA  19063

Re: IFIN, LP
Mr. & Mrs. Jon Kayyem
1137 Parkview Avenue
Pasadena, CA  91103
(626) 584-5900

**Jon Kayyem (IFIN, LP) request exclusion from *In re Leadis Technology, Inc. Securities Litigation*, Master File No. C-05-0882-CRB**

List of Transactions:

| TCW Account Number | TCW Account Name | Opt Out Deadline | Beginning of Class Period | End of Class Period | CUSIP | Transaction | Trade Date | Base Unit Price | Shares | Total Dollar Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 3356 | IFIN, LP | 05/29/09 | 06/16/04 | 03/02/05 | 52171N103 | Sell | 06/24/04 | 14.08 | -15 | 211.25 |
| 3356 | IFIN, LP | 05/29/09 | 06/16/04 | 03/02/05 | 52171N103 | Sell | 06/25/04 | 14.00 | -35 | 490.00 |

*Trust Company of the West as Custodian for IFIN, LP - Mellon Trust A/C TCNF0033562 (PF#3356)*

Signed by: *Margaret Jones*
Margaret Jones
Tel: (213) 244-0174
Fax: (213) 244-0483

February 20, 2007

Rosa Gutierrez
TCW
865 South Figueroa Street
Los Angeles, CA 90017

Re: IFIN, LP – Tax ID #95-4794240
    Kayyem Living Trust – Tax ID #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
    HJ CRUT – Tax ID #95-7896452

Dear Rosa,

Please be advised that IFIN, LP, Kayyem Living Trust, and HJ CRUT do not wish to participate in any class action lawsuits related to their securities held in their TCW accounts, past or present. Please let this letter serve as standing notice not to participate in them at any time for the above referenced accounts.

Thank you for your attention to this matter.

Sincerely,

Jon Faiz Kayyem

Cc: Kerrie Riker, Acacia Wealth Advisors, LLC (310-246-0520)

Never File Accounts                                                                 Page 1 of 1

## Jones, Margaret

**From:** Pool Richard J [pool.rj@mellon.com]
**Sent:** Wednesday, September 12, 2007 10:17 AM
**To:** Jones, Margaret
**Subject:** Never File Accounts

Per our previous agreement, here is the list of accounts for which we will never file class actions.

Richard

## IFIN Always Exclude/Never File

| Mellon AC # | TCW PF # | Name |
|---|---|---|
| TCNF0033552 | 3355 | IFIN, LP-CC |
| TCNF0033562 | 3356 | IFIN, LP-LV |
| TCNF0033572 | 3357 | Kayyem Family Trust |
| TCWF0033582 | 3358 | HI Charitable Rem |
| TCNF0033672 | 3367 | IFIN, LP-MC |
| TCNF0033692 | 3369 | HI Charitable Rem-MC |

**Richard J. Pool**
BNY Mellon Asset Servicing
400 South Hope St.
3rd Floor
Los Angeles, CA 90071

(213) 553-9865
(213) 553-9910 (fax)
poolr.rj@mellon.com

The information contained in this e-mail may be confidential and is intended solely for the use of the named addressee.
Access, copying or re-use of the e-mail or any information contained therein by any other person is not authorized.
If you are not the intended recipient please notify us immediately by returning the e-mail to the originator.(16b)

Disclaimer Version MB.US.1

## Jones, Margaret

**From:** McCarthy, Michael P. [Michael.McCarthy@lbtco.com]
**Sent:** Wednesday, March 14, 2007 1:02 PM
**To:** Jones, Margaret; Class Action Desk; MW-GSS-Regulatory Reporting
**Cc:** Stokes, Karen
**Subject:** RE: Exclusion From All Class Actions Request

Hi Margaret,

We will have those accounts excluded from our database and we will not file for any actions going forward.

Thank you,

Mike McCarthy
**Class Actions**
617-937-8549

---

**From:** Jones, Margaret [mailto:Margaret.Jones@tcw.com]
**Sent:** Wednesday, March 14, 2007 4:01 PM
**To:** Class Action Desk; MW-GSS-Regulatory Reporting
**Cc:** Jones, Margaret; Stokes, Karen
**Subject:** Exclusion From All Class Actions Request
**Importance:** High

Per the attached request, do not file any class action claims on behalf of the following accounts. Please confirm that the followings accounts will be excluded from **all class actions**.

| | | | |
|---|---|---|---|
| **PF #:** | 3355 | 3356 | 3367 |
| **A/C No:** | TCNF00335502 | TCNF00335602 | TCNF0033672 |
| **Portfolio Name:** | IFIN, LP-CC | IFIN, LP | IFIN, LP |
| **Tax ID:** | 95-4794240 | 95-4794240 | 95-4794240 |
| **Contact Name:** | Mr. & Mrs. Jon Kayyem | Mr. & Mrs. Jon Kayyem | Mr. & Mrs. Jon Kayyem |
| **Address** | 1137 Parkview Avenue Pasadena, CA 91103 | 1137 Parkview Avenue Pasadena, CA 91103 | 1137 Parkview Avenue Pasadena, CA 91103 |
| **Telephone No.** | ('626) 584-5900 | ('626) 584-5900 | ('626) 584-5900 |
| **PF #:** | 3358 | 3369 | |
| **A/C No:** | 76T033581 | TCNF0033692 | |
| **Portfolio Name:** | HI CHARITABLE REM | HI CHARITABLE REM-MC | |
| **Tax ID:** | 95-7096452 | 95-7096452 | |
| **Contact Name:** | Mr. & Mrs. Jon Kayyem | Mr. & Mrs. Jon Kayyem | |
| **Address** | 1137 Parkview Avenue Pasadena, CA 91103 | 1137 Parkview Avenue Pasadena, CA 91103 | |
| **Telephone No.** | ('626) 584-5900 | ('626) 584-5900 | |
| **PF #:** | 3357 | | |
| **A/C No:** | TCNF00335702 | | |
| **Portfolio Name:** | KAYYEM FAMILY TRUST | | |
| **Tax ID:** | 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 | | |
| **Contact Name:** | Mr. & Mrs. Jon Kayyem | | |

3/14/2007

| | |
|---|---|
| Address | 1137 Parkview Avenue<br>Pasadena, CA 91103 |
| Telephone No. | ('626) 584-5900 |

Thank you very much for your assistance in this matter.

Sincerely,
-Margaret Jones

---

Margaret Jones | AVP | Trust Company of the West | 865 S. Figueroa St. | Los Angeles, CA 90017
phone: 213.244.0174 | fax: 213.244.0483 | email: margaret.jones@tcw.com

Attention: This email is intended for the sole use of the intended recipient(s) and may contain confidential or privileged information. No one is authorized to copy or re-use this email or any information contained in it. If you are not the intended recipient, we request that you please notify us by reply email and destroy all copies of the message and any attachments. Thank you for your cooperation.

3/14/2007

This packaging is the property of the U.S. Postal Service and is provided solely for use in sending Express Mail. Misuse may be a violation of federal law.

CALL 1-800-222-1811 FOR PICKUP OR TRACKING OF ALL EXPRESS PACKAGES

US POSTAGE
Mailed From 90017

DATE: 4/24  #2 2/14 #2
INITIALS: TO

SCANNED

EXPRESS MAIL
UNITED STATES POSTAL SERVICE

*EL942827765US*

COMPLETE LABEL  Typ.

**ORIGIN (POSTAL USE ONLY)**
PO ZIP Code | Day of Delivery | Flat Rate Envelope
☐ Next ☐ Second | ☐
Date In | Postage $
Mo. Day Year | ☐ 12 Noon ☐ 3 PM
Time In | Military | Return Receipt Fee
☐ AM ☐ PM | ☐ 2nd Day ☐ 3rd Day
Weight | Int'l Alpha Country Code | COD Fee | Insurance Fee
lbs. ozs.
No Delivery | Acceptance Clerk Initials | Total Postage & Fees
☐ Weekend ☐ Holiday | $
CUSTOMER USE ONLY
Express Mail Corporate Acct. No.
Federal Agency Acct. No. or
Postal Service Acct. No.

FROM: (PLEASE PRINT) PHONE ( 213 ) 244-0174
Margaret Jones
TRUST COMPANY OF THE WEST
865 S. FIGUEROA ST. FL. 24
LOS ANGELES, CA 90017-2543

EXPRESS MAIL
UNITED STATES POSTAL SERVICE

**DELIVERY (POSTAL USE ONLY)**
Delivery Attempt | Time ☐ AM ☐ PM
Mo. Day | 10:00
Delivery Attempt | Time ☐ AM ☐ PM
Mo. Day
Delivery Date | Time ☐ AM ☐ PM
Mo. Day
Employee Signature
Employee Signature

TO: (PLEASE PRINT) PHONE ( )
Leadis Technology, Inc. Securities
Litigation
Claim Administrator
P.O. Box 230
600 North Jackson Street, Suite 3
Media, PA 19063

Addressee Copy
Label 11-F June 2002

Post Office To Addressee

EXPRESS MAIL
POSTAGE REQUIRED
DOMESTIC USE ONLY

www.usps.com

FOR PICKUP OR TRACKING CALL 1-800-222-1811 www.usps.com

PRESS HARD.
You are making 3 copies.